IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **MARIO REED** *et al.* ) | |
| ) | Case No. 3:24-cv-01172 |
| v. ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| **SINGLETARY CONSTRUCTION, LLC** *et al.* ) | |

**O R D E R**

Pending before the Court is Plaintiffs' motion to reschedule initial case management conference (Docket No. 24), which is represented to be unopposed by the Singletary Defendant and which, for the reasons requested, is **GRANTED**. The initial case management conference is **RESCHEDULED to February 12, 2025, at 3:00 p.m. (CT)**[1] using the Court's conference line at 1-**855-244-8681, access code 2300 984 3452#**.[2] The parties are reminded of their obligation to jointly prepare a proposed initial case management order, which must be filed by no later than **three (3) business days** prior to the initial case management conference and a Word formatted copy of which must be separately emailed to Courtroom Deputy Megan Cobos at the email address in n.1.[3]

---

[1] If this date and time present an unresolvable conflict for counsel, the parties must promptly contact Courtroom Megan Cobos via email at Megan_Cobos@tnmd.uscourts.gov to obtain another mutually agreeable date and time available on the Court's calendar and then file a motion to reschedule.

[2] The parties' attention is directed to this new conference line dial-in information. As set forth in the notice regarding conference line for case management conferences (Docket No. 22), the parties should not use the dial-in information included in the notice of setting of initial case management conference (Docket No. 6).

[3] Counsel should utilize the form initial case management order found under the link to Magistrate Judge Holmes on the Court's website with designated provisions for Judge Richardson's cases. Further, the parties' attention is directed to reassignment of this case to Judge Richardson following Chief Judge Campbell's recusal. (Docket No. 23.)

Further, Plaintiffs asserted in the motion that all other Defendants – in addition to the Singletary Defendants for which counsel have entered appearances – have been properly served. If so, Plaintiffs must promptly move for entry of default against the remaining non-responsive Defendants. Upon any entry of default, Plaintiffs must promptly move for default judgment. If default proceedings are interrupted because the remaining Defendants appear, and such appearance affects the timing of the rescheduled initial case management conference, Plaintiffs must promptly move to reschedule again.

Plaintiffs are reminded of their responsibility for ensuring that this case proceeds speedily. **Failure to either promptly pursue default proceedings against the non-responsive Defendants or to otherwise comply with this order may result in any of the remedies authorized by Fed. R. Civ. P. 16(f).**

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

2

Case 3:24-cv-01172   Document 25   Filed 12/27/24   Page 2 of 2 PageID #: 109